BOULWARE, District Judge,
concurring in part and dissenting in part:
1. I agree with the respective statutes of limitations articulated by the majority pertaining to the Plaintiffs’ causes of action. However, I would not find that Plaintiffs’ claims are time-barred. While the majority finds that Plaintiffs’ factual allegations in their Second Amended Complaint (the “Complaint”) suggest that a reasonable person would have been put on inquiry notice, I respectfully disagree.
I do find that Plaintiffs have shown they were not negligent in failing to discover the alleged fraud within the statutory period because they were not on inquiry notice of such fraud. Denholm v. Houghton Mifflin Co., 912 F.2d 357, 362 (9th Cir.1990) (a plaintiff bringing a fraud claim after the expiration of the limitations period must establish “facts showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry”) (internal quotation marks omitted); Norgart v. Upjohn Co., 21 Cal.4th 383, 87 Cal.Rptr.2d 453, 981 P.2d 79, 88 (1999) (under the discovery rule, a cause of action accrues when a plaintiff “has reason at least to suspect a factual basis for its elements,” meaning that he has “notice or information of circumstances to put a reasonable person on inquiry”) (emphasis in original) (internal quotation marks omitted).
I do not attribute to Plaintiffs the level of sophistication I believe the majority does in finding they were on inquiry notice *644 of potential fraud by the bank’s actions. That Plaintiffs were pre-approved for a loan by-Mid-State Bank & Trust, or that they desired to obtain a loan with a small, traditional bank, does not establish, in my opinion, that they had the experience or expertise to discern the possibility of concealed bank fraud from a few banking practices which seemed odd or irregular. I am unpersuaded that having previously bought a home, without more, renders an individual knowledgeable of a bank’s duties and obligations in connection with providing a home loan, such that these individuals should have detected — or even inquired into the possibility of — fraudulent banking practices. In fact, California courts have routinely recognized the need to protect ordinary residential home buyers, recognizing their relative lack of sophistication and experience in comparison to those engaged in commercial real estate. See, e.g., Richman v. Hartley, 224 Cal.App.4th 1182, 169 Cal.Rptr.3d 475, 481 (2014) (“The courts have recognized the Legislature’s interest in protecting unsophisticated residential home purchasers”); Smith v. Rickard, 205 Cal.App.3d 1354, 1361, 254 Cal.Rptr. 633 (Cal.Ct.App.1988) (noting that section 2079 et seq. of the California Civil Code “distinguishes between residential and commercial properties in order to protect unsophisticated buyers and owners of residential property from those with greater knowledge and bargaining power”); Easton v. Strassburger, 152 Cal.App.3d 90, 102 n. 8, 199 Cal.Rptr. 383 (Cal.Ct.App.1984) (distinguishing between the residential home buyer and a purchaser of comr mercial real estate, who “is likely to be more experienced and sophisticated in his dealings”).
I do not agree that a reasonable person, who does not have substantial experience obtaining or processing loans, could discern whether the particular banking practices at issue in this case were in fact so irregular that the person should then investigate whether this irregularity reflected or concealed some hidden fraud. For example, I am unpersuaded that the bank’s refusal to provide Plaintiffs with copies of loan documents prior to closing or after signing would have alerted a reasonable person to the possibility of fraud. It is not clear to me that this practice would be irregular in all or most circumstances, or that one should suspect, based on this practice, that the bank was engaged in fraud. Moreover, I do not find that the letter Plaintiffs later received from Chase informing them that it would be servicing their loans, contrary to Plaintiffs’ belief that their loans would be held by a small, local bank, would lead a reasonable person to suspect fraudulent activity. I And these facts insufficient to trigger a more diligent inquiry into bank fraud.
Consequently, I would similarly find that Plaintiffs were not obligated to investigate whether or not Pacific Trust was actually located at the address it purportedly shared with San Luis when Plaintiffs went to the location to sign the paperwork. Furthermore, unlike in Denholm, the Schneidereits alleged concealment in their Complaint, thereby providing an explanation for why they were not on inquiry notice.
Therefore, I would find that through the facts pled in their Complaint, Plaintiffs have “affirmatively excuse[d] [their] failure to discover the fraud” within the limitations period, such that their claims are not time-barred by the respective statutes of limitations. Denholm, 912 F.2d at 362.
2. Second, I would find that the district court improperly dismissed Plaintiffs’ quiet title and injunctive relief claims. Plaintiffs have alleged sufficient facts to establish either of two exceptions to the tender rule.
*645 First, requiring tender would be inequitable where, as here, Plaintiffs challenge the validity of the underlying loan. Onofrio v. Rice, 55 Cal.App.4th 413, 64 Cal.Rptr.2d 74, 80 (1997) (tender may not be required “where it would be inequitable to do so” or where “the action attacks the validity of the underlying debt”) (internal quotation marks omitted); see also Fonteno v. Wells Fargo Bank, N.A., 228 Cal.App.4th 1358, 176 Cal.Rptr.3d 676, 688-89 (2014) (discussing circumstances, under which it would be inequitable to require tender); Lona v. Citibank, N.A., 202 Cal.App.4th 89, 134 Cal.Rptr.3d 622, 640-41 (2011) (reviewing exceptions to the tender requirement).
Second, Plaintiffs’ argument that the underlying loan is void due to the forged signatures on the promissory notes establishes another exception to the tender rule. Glaski v. Bank of Am., Nat’l Ass’n, 218 Cal.App.4th 1079, 160 Cal.Rptr.3d 449, 466 (2013) (“Tender is not required where the foreclosure sale is void, rather than voidable, such as when a plaintiff proves that the entity lacked the authority to foreclose on the property.”).
For the reasons stated, I respectfully dissent.